JACK SCHWARTZ SHOES,
INC., Plaintiff,

v.

SKECHERS, U.S.A., INC., Defendant.

No. 00 CIV. 7721RMBTHK.

United States District Court,
S.D. New York.

Nov. 13, 2002.

Arlana S. Cohen, Gene S. Winter, St. Onge, Steward, Johnson & Reens, L.L.C., Stamford, CT, for Plaintiff.

Craig S. Mende, John P. Margiotta, Fross Zelnick, Lehrman & Zissau, P.C., New York City, Marshall A. Lerner, Michael R. Diliberto, Kleinberg & Lerner, LLP, Los Angeles, CA, for Defendant.

## *ORDER*

BERMAN, District Judge.

### I. Background

On or about February 7, 2001, Plaintiff Jack Schwartz Shoes, Inc. ("Plaintiff") filed an amended complaint ("Amended Complaint") against Defendant Skechers, U.S.A., Inc. ("Defendant") for alleged: (i) patent infringement under 35 U.S.C. §§ 171, 271 and 281, Amended Complaint ¶¶ 16–22; (ii) federal trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 ("Lanham Act"), *id.* ¶¶ 32–34; (iii) federal unfair competition, *id.* ¶¶ 24–30; and (iv) unfair competition under New York law. *Id.* at ¶¶ 36–37. On

February 28, 2001, Defendant filed an answer to Plaintiff's Amended Complaint and asserted a counterclaim seeking a declaratory judgment that Plaintiff's patent and trade dress claims are invalid ("Answer"). Answer at ¶¶ 78–86.

On October 12, 2001, Plaintiff moved for partial summary judgment on its patent infringement claim. The same day, Defendant cross-moved for summary judgement as to patent infringement and trade dress infringement. The parties filed oppositions on October 26, 2001; and replies were filed on November 16, 2001.

On September 9, 2002, United States Magistrate Judge Theodore H. Katz, to whom this matter had been referred, issued a report and recommendation ("Report") recommending that Plaintiff's motion for partial summary judgment as to infringement be granted. Report at 2. The Report also recommends that Plaintiff be awarded $123,379 in damages, *id.* at 38, and that an injunction issue directing Defendant to "cease the manufacture and sale of the 6905 shoes, which infringes the [Plaintiff's] '332 patent." *Id.* at 39. The Report also recommends that Defendant's motion for summary judgment be denied as to patent infringement and granted as to the trade dress infringement. *Id.* at 2.

The Report advised the parties that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C)and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this report to file written objections." *Id.* On October 10, 2002, Plaintiff filed objections to the Report ("Plaintiff's Objections"), as did Defendant ("Defendant's Objections"). **For the reasons set forth below, the Report is adopted in its entirety.**

---

**1.** As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. *See Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991).

## II.   Standard of Review

■ A district court evaluating a Magistrate's report may adopt those portions of the report to which no "specific, written objection" is made, as long as those sections are not clearly erroneous. Fed. R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a 'specific written objection' within '[ten] days after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." *Cespedes v. Coughlin,* 956 F.Supp. 454, 463 (S.D.N.Y.1997) (quoting *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate. *See DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988).

## III.   Analysis

The facts as set forth in the Report are incorporated herein by reference.

The Court has conducted a *de novo* review of the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's Objections and concludes that Magistrate Katz's legal and factual determinations are supported by the record and the law in all material respects.[1] Neither parties' Objections provides a legal basis for departing from the Report's recommendations.[2]

---

**2.** Any Objections which are not specifically discussed in this Order have been considered and rejected.

Magistrate Katz correctly found, among other things, as follows:

### Plaintiff's Patent is Enforceable and Valid

■ Plaintiff's patent is enforceable "(1) because there is no evidence of intent to deceive the PTO [Patent and Trademark Office], (2) there is evidence that the PTO was already aware of prior art ... and (3) there is only marginal materiality, at best, to the prior art cited by Defendant ...." Report at 17; *see Eastern Am. Trio Prods., Inc. v. Tang Elec. Corp.,* 97 F.Supp.2d 395, 402 (S.D.N.Y. 2000). Accordingly, "no trier of fact could reasonably conclude that Plaintiff engaged in inequitable and consciously deceptive conduct in filing its patent application." Report at 17.[3]

■ Although other shoe product(s) may "demonstrate the existence of the various elements of the '332 design patent, they are not sufficiently similar to allow a reasonable fact-finder to conclude that the design in the '332 patent was obvious, because they do not suggest the combination of the elements into a single shoe." Report at 23–24; *see, e.g., Avia,* 853 F.2d at 1564 (finding a design patent non-obvious where the prior art suggested the components of the design, but not the overall appearance). A patented design must meet the substantive criteria of patentability, including non-obviousness in accordance with the law of 35 U.S.C. § 103."[4]

*L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1124 (Fed.Cir.1993).

### Defendant's 6905 Shoe Infringes the Plaintiff's '332 Patent

■ "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Co. v. White,* 81 U.S. 511, 528, 14 Wall. 511, 20 L.Ed. 731 (1871). "In addition to overall similarity of designs, 'the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art.'" *Avia,* 853 F.2d at 1565 (quoting *Shelcore, Inc. v. Durham Indus., Inc.,* 745 F.2d 621, 628 (Fed.Cir.1984)).

Magistrate Katz properly concluded that "an ordinary observer could easily confuse Defendant's shoe and Plaintiff's shoe. A visual comparison of the '332 design patent with the 6905 shoe reveals that the overall look of the shoes is extremely similar ... [and] [a]lthough a highly discerning consumer might notice the differences if the shoes were placed side by side, the strength of the shoes' common features greatly outweighs their differences." Report at 29–30. *See In re Rubinfield,* 47 C.C.P.A. 701, 270 F.2d 391, 395 (Cust. & Pat.App.1959) ("[i]t has been consistently held for many years that it is the appear-

---

3. "Once a patent is issued ... it is presumed valid and enforceable unless the challenging party proves otherwise." *Eastern Am.,* 97 F.Supp.2d at 402; *Avia Group Int'l, Inc. v. L.A.Gear. California, Inc.,* 853 F.2d 1557, 1562 (Fed.Cir.1988). "A party alleging that a patent is unenforceable because of the patentee's failure to disclose material evidence to the [Patent and Trademark Office ("PTO")] must offer clear and convincing evidence that the patentee intended to mislead the PTO."

*Speedplay, Inc. v. Bebop, Inc.,* 211 F.3d 1245, 1259 (Fed.Cir.2001).

4. "The ultimate determination of whether an invention is non-obvious is a legal conclusion based on underlying factual inquiries that include: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of non-obviousness." *Eastern Am.,* 97 F.Supp.2d at 403–04.

ance of a design as a whole which is controlling in determining questions of patentability and infringement"). And, "the 6905 shoe and the Rustler Lo shoe are similar because they share the point of novelty of the '332 patent claimed by its inventor— the combination of the low-cut wallab[ee] design with a horizontal buckle and strap." Report at 35.

### Damages

■ Magistrate Katz recommended that $123,379 in damages be awarded to Plaintiff on its patent infringement claim based upon "Defendant's profits from the sale of the 6905 shoe from January 2001 to July 13, 2001." *Id.; see* 35 U.S.C. § 289 (a design patent infringer "shall be liable to the owner to the extent of his total profit"). There is no dispute as to the proper measure of damages and Defendant has not contested the accuracy of Plaintiff's expert's calculations. Report at 38. Plaintiff here requests that "the amount of damages granted include compensation based upon *all* sales of Defendant's 6905 shoe to date" and that Plaintiff be awarded pre- and post-judgment interest. Plaintiff's Objections at 3 (emphasis in original). Plaintiff also raised this point in a letter to Magistrate Katz, dated October 2, 2002, but because this Court's reference to the Magistrate was closed on September 9, 2002, Magistrate Katz did not resolve the issue. Plaintiff's Objections, Ex. A at 1–2. If the parties are in agreement, this issue can be resolved by stipulation. Otherwise, the Court will refer this issue of additional damages to Magistrate Katz for further report and recommendation.

### Plaintiff Has Failed to Demonstrate Trade Dress Infringement

■ Magistrate Katz properly determined that Plaintiff has failed to demonstrate trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a), "[b]ecause the Rustler Lo design did not acquire a secondary meaning" and "no reasonable juror could conclude that there is a probability of confusion as to the source of the Rustler Lo shoe and the Skechers' 6905 shoe ...." [5] Report at 53, 63; *see Tough Traveler, Ltd. v. Outbound Products*, 60 F.3d 964, 967 (2d Cir.1995) ("[t]o prevail on a claim of trade dress infringement, a plaintiff must establish (1) that its trade dress is distinctive either (a) because it is inherently so or (b) because it has acquired secondary meaning, and (2) that a likelihood of confusion exists between its product and the defendant's product") (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992)).[6]

## IV. Conclusion and Order

For the reasons stated therein and herein, the Court adopts the Report [55] in its entirety. Plaintiff's motion for partial summary judgment is granted and Defendant's cross-motion for summary judgement is denied in part and granted in part. Plaintiff is entitled to a judgment for $123,379; plus such other amount as the

---

5. Under Section 43 of the Lanham Act, a producer has a cause of action for the use by any person of "any word, term, name, symbol, or device, or any combination thereof ... which ... is likely to cause confusion ... as to the origin, sponsorship, or approval of his or her goods ..." 15 U.S.C. § 1125(a).

6. Defendant also contends that because the "New York unfair competition law is co-extensive with or subsumed by the federal unfair competition law, i.e., the law pertaining to trade dress," Defendant's Objections at 17, that "the recommendation in the Report pertaining to trade dress be extended to cover Plaintiff's claim of unfair competition under New York law." *Id.* Because of the absence of substantial briefing of this issue by either party, among other reasons, this Objection is rejected (without prejudice) and may be raised again in connection with the parties' eventual joint pre-trial order.

parties may agree, for the period July 14, 2002 and thereafter, by stipulation submitted to the Court on or as before November 22, 2002 or, failing agreement, as the Magistrate may determine. Defendant is, effective immediately, permanently enjoined from the manufacture and sale of the 6905 shoe.

The parties are directed to participate in a trial scheduling/settlement conference on December 9, 2002 at 9:30 a.m., in Courtroom 706 of the United States Courthouse, 40 Centre Street, New York, New York. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**